# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JANNIE DUNLAP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0365-WS-B |
| | ) |
| MICHAEL E. COCKRELL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This recently removed matter comes before the Court on Defendant's Response to Show Cause Order (doc. 4).

On August 21, 2018, defendant, Michael E. Cockrell, filed a Notice of Removal (doc. 1) removing this action from the Circuit Court of Perry County, Alabama to this District Court. Cockrell posited that federal subject matter jurisdiction was conferred by 28 U.S.C. § 1332, because the parties were of diverse citizenship and the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs. In the Complaint, plaintiff, Jannie Dunlap, repeatedly stated that she "does not seek compensation in an amount in excess of $74,999.00 in the aggregate for all claims." (Doc. 1, Exh. A, at 2, 4, 5.) Nonetheless, Cockrell maintains that the jurisdictional amount-in-controversy threshold is satisfied by Dunlap's responses to requests for admission, in which she denied that her total claim was less than $75,000, that she was not seeking an amount greater than $75,000, that she would not amend her Complaint in the future to seek more than $75,000, that she would not accept more than $75,000 from a jury award, and so on. (Doc. 1, Exh. B, at ¶¶ 1-7.) On August 29, 2018, the undersigned entered a Show Cause Order (doc. 3) directing Cockrell to show cause why this action should not be remanded to Perry County Circuit Court for lack of proof that the amount in controversy exceeds $75,000, exclusive of interest and costs.

It is well settled that even when a defendant's notice of removal plausibly alleges that the amount in controversy exceeds the jurisdictional threshold, "[e]vidence establishing the amount

is required … when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014); *see also* 28 U.S.C. § 1446(c)(2)(B) (where the notice of removal asserts the amount in controversy, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"). Indeed, where, as here, "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "We reiterate that the burden of proving jurisdiction lies with the removing defendant." *Id.*; *see also Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal").

To meet his burden, Cockrell would rely exclusively on Dunlap's responses to various requests for admission, through which she denied that she was not seeking and would not accept an amount greater than $75,000. But these responses to requests for admission, without more, do not establish by a preponderance of the evidence that the amount in controversy exceeds the § 1332 threshold. For starters, Dunlap has never amended her Complaint, in which she repeatedly specified that she "does not seek compensation in an amount in excess of $74,999.00 in the aggregate for all claims set forth in this complaint/cause." (Doc. 1, Exh. A, at 2, 4, 5.) Defendant offers no persuasive reason why Dunlap's specific limitations on amount in controversy set forth in her well-pleaded Complaint must yield to, or be outweighed by, her denials of requests for admission as to amount in controversy. Furthermore, it has long been the law of this Circuit that a plaintiff's mere refusal to stipulate that her claims do not exceed $75,000 does not and cannot satisfy a removing defendant's jurisdictional burden. *See, e.g., Williams*, 269 F.3d at 1320 ("Although the notice of removal clearly asserts that the jurisdictional requirement is satisfied, the only fact alleged in support of that assertion is that Williams refuses to stipulate that her claims do not exceed $75,000. There are several reasons why a plaintiff would not so stipulate, and ***a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue***.") (emphasis added).[1] Dunlap's denials

---

[1] *See also Thompson v. Ortensie*, 2017 WL 4772741, *3 (S.D. Ala. Oct. 23, 2017) ("[D]efendants assert that Thompson has not stipulated that he will neither seek nor accept more
(Continued)

of these requests for admission is the functional equivalent of a refusal to stipulate to an amount in controversy below $75,000; therefore, the Eleventh Circuit's holding in *Williams v. Best Buy* is directly at odds with Cockrell's assertion of federal jurisdiction predicated solely on such denials.

Unsurprisingly, myriad district court decisions from this Circuit have determined that a plaintiff's mere denial of requests for admission as to amount in controversy is insufficient evidence to support removal jurisdiction on a diversity theory. *See, e.g., Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp.2d 1218, 1228 (N.D. Ala. 2012) ("the court finds that Ms. Griffith's denials of Wal-Mart's requests for admission do not constitute 'unequivocally clear and certain' evidence that she intends to see[k] more than $75,000 in damages"); *Barker v. Dollar General*, 778 F. Supp.2d 1267, 1270 (M.D. Ala. 2011) (concluding that "a plaintiff's denial of a request for admission which read 'you do not claim in excess of $75,000 as total damages in this case' was not sufficient to support jurisdiction"); *Bouler v. Adams*, 2017 WL 2937956, *4 (S.D. Ala. June 23, 2017) (recommending remand for lack of jurisdiction where

---

than $75,000 in damages in this case. … Even if defendants had shown such a refusal to stipulate, binding precedent deems such a refusal to be insufficient to establish the amount in controversy for jurisdictional purposes."); *Collinsworth v. Big Dog Treestand, Inc.*, 2016 WL 3620775, *5 (S.D. Ala. June 29, 2016) ("Defendant places much emphasis on the fact that Plaintiffs have not stipulated that they do not and/or will not seek damages in excess of the jurisdictional limits of this Court. Defendant's emphasis is misplaced."); *McCray v. Dolgencorp, LLC*, 2018 WL 3370556, *3 (M.D. Ala. July 10, 2018) ("The mere fact that McCray has declined to stipulate that her damages are less than $75,000.00 is insufficient for the court to conclude that it is more likely than not that her damages exceed that amount."); *Cox v. Auto Owners Ins. Co.*, 2017 WL 4453334, *3 (M.D. Ala. Oct. 5, 2017) ("The mere fact that Cox has declined to stipulate to less than $75,000.00 in damages is insufficient for the court to conclude that it is more likely than not that his damages exceed that amount."); *E.C. by and through Carr v. Williams-Sonoma, Inc.*, 2016 WL 11410898, *2 (M.D. Fla. June 17, 2016) ("[A] refusal to stipulate standing alone does not satisfy a defendant's burden of proof on a jurisdictional issue. … Accordingly, Plaintiff's refusal to stipulate to the amount of damages lends little weight to Defendant's argument in favor of removal to federal court."); *Cottrell v. Blue Valley Apartments, Inc.*, 2015 WL 4635414, *4 (M.D. Ala. Aug. 3, 2015) ("The Eleventh Circuit has analyzed this precise issue and has squarely rejected the proposition that the plaintiff's refusal to stipulate to damages establishes the amount in controversy."); *Hopkkins v. Eastman Outdoors, Inc.*, 2014 WL 5107022, *2 (S.D. Ga. Oct. 10, 2014) ("As a preliminary matter, a plaintiff's refusal to stipulate that the total value of his damages is less than $75,000.00, by itself, is inadequate to prove the amount in controversy.").

only evidence of amount in controversy was discovery response in which plaintiffs "refuse to concede that § 1332(a)'s requisite amount in controversy is satisfied but will leave the ultimate determination of damages to the trier of fact"); *Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699, *3 n.4 (M.D. Ala. May 22, 2017) ("Plaintiffs' denial that the amount in controversy does not exceed $75,000 is not tantamount to an admission that it does."); *Amison v. Nationwide Mutual Ins. Co.*, 2015 WL 5935170, *4 (N.D. Ala. Oct. 13, 2015) ("Plaintiff's denial of Defendant's negatively worded requests does not equal an affirmative," such that denial of requests for admission "do not 'clearly' and 'unambiguously' establish federal jurisdiction"); *Spears v. Wal-Mart Stores, Inc.*, 2009 WL 10688722, *3 (N.D. Ala. June 9, 2009) ("The denial of the negative requests does not equal an affirmative. Because the jurisdictional amount in controversy in this case is not apparent on the removing documents, the proper course is remand.") (citation and internal quotation marks omitted). As one district court reasoned, "Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction." *Harmon v. Wal-Mart Stores, Inc.*, 2009 WL 707403, *4 (M.D. Ala. Mar. 16, 2009) (footnote omitted).[2] This reasoning is fatal to Cockrell's Notice of Removal, in which defendant's only cited evidence that the amount in controversy exceeds $75,000 is Dunlap's denial of certain requests for admission.

Finally, all of these considerations must be examined through the prism of the Eleventh Circuit's directive that "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citation omitted); *see also Scimone*, 720 F.3d at 882 ("we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal

---

[2] *See also Mabry v. Government Employee's Ins. Co.*, 267 F. Supp.3d 724, 729 (N.D. Miss. 2017) ("when resolving a motion to remand, a denial of a request for admission …, standing alone, may not be deemed anything more than a statement that the requested admission presents a genuine issue for trial. Needless to say, such an equivocal statement cannot be determinative of the amount in controversy in a given action.").

jurisdiction are to be resolved in favor of remand") (citation and internal marks omitted); *Boakye v. NCL (Bahamas) Ltd.*, 295 F. Supp.3d 1342, 1344-45 (N.D. Ga. 2018) ("Due to the limited nature of federal jurisdiction, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand to the originating state court.") (footnote and internal quotation marks omitted). The presumption against the exercise of removal jurisdiction favors remand in circumstances such as these.

Notwithstanding the foregoing, Cockrell's Response to Show Cause Order (doc. 4) urges the Court to find that "Plaintiff's refusal to concede this issue is sufficient" to establish jurisdiction. (Doc. 4, at 5.) In so arguing, defendant relies on a line of decisions from the Northern District of Alabama, most of them emanating from the same judge. This strand of authority is exemplified by *Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp.2d 1333 (N.D. Ala. 2012), in which that judge stated in conclusory fashion, "The court is willing to go so far as to inform plaintiffs, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, … [that they] must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court …." *Id.* at 1335. Defendant insists that he had to remove the case upon receipt of plaintiff's responses to requests for admission – or face rejection on timeliness grounds in the future – because of "the rigid burden imposed by *Smith*." (Doc. 4, at 5.)

*Smith* constitutes a distinctly minority view in this Circuit. Indeed, another judge in the Northern District of Alabama summarily sidestepped *Smith* as "not binding or persuasive authority." *Bennett v. Williams*, 2017 WL 3781187, *2 (N.D. Ala. Aug. 31, 2017). This Court declines to follow the *Smith* line of cases. It is well-settled that a removing defendant bears the burden of proving jurisdiction (including amount in controversy) by a preponderance of the evidence when the court questions the defendant's allegation about amount in controversy. It is also well-settled that a plaintiff's refusal to stipulate to amount in controversy (or its denial of requests for admission as to amount in controversy), without more, does not satisfy that burden because there are several reasons why a plaintiff would not so stipulate.[3] The Court therefore

---

[3] Cockrell takes the position that "[i]f Plaintiff will not admit that she will not accept more than $74,999.00, then [it] is only reasonable to assume she seeks and is willing to
(Continued)

finds that plaintiff's mere denial of requests for admission as to amount in controversy, without more, does not suffice to show by a preponderance of the evidence that the jurisdictional minimum is satisfied, particularly given that plaintiff's operative pleading emphatically states that it is not. Cockrell offers no other evidence in support of removal.

For all of the foregoing reasons, the Court concludes that the removing defendant has not met his burden of showing that federal jurisdiction properly lies here. Accordingly, and given the requirement that removal statutes be construed narrowly, with all doubts as to removal jurisdiction being resolved in favor of remand, this action is hereby **remanded** to the Circuit Court of Perry County, Alabama for further proceedings. In light of the foregoing, the Motion to Remand (doc. 5) filed by plaintiff on September 17, 2018 is **moot**.

DONE and ORDERED this 18th day of September, 2018.

                                            s/ WILLIAM H. STEELE
                                            UNITED STATES DISTRICT JUDGE

---

accept more than $74,999.00." (Doc. 4, at 4.) But this argument runs headlong into the Eleventh Circuit's admonition that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy" a defendant's jurisdictional burden. *Williams*, 269 F.3d at 1320; *see also Griffith*, 884 F. Supp.2d at 1226-27 ("Defendant's apparent hope is that the negativity of the denial would, as a matter of logic, cancel the negatives in the questions, yielding an admission of the positive opposite of the negative propounded statements. … General principles of logic do not apply here.") (citations omitted).